UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re the Application of: | ) |
| | ) |
| EDISON ALBERTO CARVAJAL VASQUEZ, | ) Case No.: 3:18-cv-00137 |
| | ) |
| Petitioner, | ) |
| | ) |
| and | ) |
| | ) |
| PAOLA ANDREA GAMBA ACEVEDO | ) |
| | ) |
| Respondent. | ) |

**RESPONSE IN OPPOSITION TO RESPONDENT'S MOTION
FOR AWARD OF ATTORNEY'S FEES AND COST OF LITIGATION**

Petitioner, Edison Alberto Carvajal Vasquez ("Mr. Carvajal"), through counsel, hereby respectfully responds in opposition to Respondent, Paola Andrea Gamba Acevedo's, Motion for Attorney's Fees and Cost of Litigation (the "Motion") (D.E. No. 42). As stated herein, the Court should deny the Respondent's Motion as meritless, and without basis in law or fact.

**FACTUAL SUMMARY**

Petitioner, Edison Carvajal, brought an action pursuant to the International Child Abduction Remedies Act ("ICARA") for the return his minor child TCG, who was retained in the United States by Respondent, TCG's mother. TCG, a Colombian citizen, lived in Colombia until Petitioner, also a Colombian citizen, traveled with TCG to the United States in August 2016 on a tourist visa "with the purpose of temporarily visiting [TCG's] aunt and cousins on his mother's side." D.E. No. 2, Petition for Return of the Child, Exh. F. Respondent, also a citizen of Colombia, resided in Colombia until approximately July 2016, at which time she entered the United States

1

through Mexico without proper legal authority or documentation. Hr'g Tr. 29:12-18, 29:24-30:1, Feb. 20, 2018.

Petitioner returned to Colombia in early 2017, with the understanding that TCG's aunt would escort TCG back to Colombia at the expiration of TCG's travel visa in February 2017. Petition, Exh. F. Upon learning that Respondent planned to remain in the United States with TCG indefinitely, Petitioner filed a complaint against Respondent with the National Prosecutor's Office in Colombia for the crime of arbitrary exercise of custody of an underage child in February 2017.[1] On May 30, 2017, after five months with little to no communication with his own child, Petitioner filed a Petition under the authority of the Hague Convention for the return of TCG to his home country of Colombia in order to permit Colombian courts with appropriate jurisdiction to make any further necessary determinations regarding the custody of TCG between Respondent and Petitioner. Petition, Exh. F. The Petition for Return of the Child was filed with this court on February 9, 2018. D.E. No. 2.

## ARGUMENT

The court should deny the Respondent's Motion for Award of Attorney's Fees and Cost of Litigation because the law does not permit Respondent to recover attorneys' fees or costs in this action. The International Child Abduction Remedies Act ("ICARA"), codified at 22 U.S.C.A. § 9007, only permits a successful petitioner, not a respondent, to recover attorney's fees from the non-prevailing party. Further, Respondent is not entitled to legal fees or costs under any other statutory authority. Finally, Respondent is not entitled to costs for translation services because Respondent's counsel agreed to pay for half of the costs for court-appointed translators. Moreover,

---

[1] D.E. No. 2, Petition for Return of the Child, Exhibit G, Declaration Establishing Habitual Residence of the Child, Exhibit 1 to the Declaration, p. 11-18.

to the extent Respondent has requested recovery of costs related to the translation of written documents, recovery for costs are not warranted under statutory law for the use of non-court appointed translator to translate written documents.

**I.      Respondent is not entitled to attorney's fees or costs under ICARA, Federal Rule of Civil Procedure 54(d)(2), or Local Rule 54.01.**

Attorney's fees generally are not a recoverable cost of litigation "absent explicit congressional authorization." *Runyon v. McCrary,* 427 U.S. 160, 185 (1976) (citing *Alyeska Pipeline Service Cp. v. Wilderness Society,* 421 U.S. 240, 247 (1975)). Recognition of the availability of attorney's fees therefore requires a determination that "Congress intended to set aside this longstanding American rule of law." *Id.* Thus, an award of attorney's fees "must be expressly provided for by statute." *Alyeska,* 421 U.S. at 269.

An award of attorney's fees would be wholly inappropriate in this case because Respondent is not entitled to legal fees under ICARA. The fee-shifting component of the statute exists in subsection (b)(3), which states,

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C.A. § 9007(b)(3).

"The text of ICARA allows only a prevailing *petitioner* to recover costs." *Moreno v. Zank,* 280 F. Supp. 3d 1019, 1029 (W.D. Mich. 2017) (emphasis supplied). The court in *Zank* recognized that "a review of the case law from around the country confirms that prevailing respondents are not generally entitled to attorney's fees." *Id.* (citing *White v. White,* 893 F. Supp. 2d 755, 759 (E.D. Va. 2012)). In *White,* the court held, "[ICARA] does not provide for fees to a prevailing

3

respondent, and indeed, does not even mention prevailing respondents." *Id.* at 758. Thus, "it is clear that the fee shifting provision is only a one-way fee shifting provision." *Id.* at 758-59.

A prevailing respondent may not recover costs under 22 U.S.C.A. § 9007(b)(1) or (b)(2) either. The language of the statute states,

> (1) Petitioners may be required to bear the costs of legal counsel or advisors, court costs incurred in connection with their petitions, and travel costs for the return of the child involved and any accompanying persons, except as provided in paragraphs (2) and (3).
>
> (2) Subject to paragraph (3), legal fees or court costs incurred in connection with an action brought under section 9003 of this title shall be borne by the petitioner unless they are covered by payments from Federal, State, or local legal assistance or other programs.

22 U.S.C.A. § 9007(b)(1), (2).

Like section (b)(3) of ICARA, sections (b)(1) and (b)(2) do not mention recovery for prevailing respondents. Indeed, this argument has been expressly rejected by courts. The court in *White* concluded, "Instead of providing an additional basis for fee shifting, (b)(1) and (b)(2) are designed to save the United States from having to bear the costs associated with these provisions." 893 F. Supp. 2d at 758. The court analyzed the purpose behind sections (b)(1) and (b)(2) of the statute and determined, "In sum, subsections (b)(1) and (b)(2) do not pertain to fee shifting, but instead make clear that a petitioner, not the government, must bear the costs associated with petitions under ICARA *unless that petitioner prevails*, in which event fee shifting is triggered." *Id.* (emphasis added).

Despite Respondent's suggestion otherwise, the law is clear that a respondent who prevails is not entitled to attorney's fees under the plain language of ICARA. In fact, the court in *White* points out that prevailing respondents are not mentioned at all. Thus, the fee-shifting provision in the statute only operates to reimburse a prevailing petitioner after the court has ordered for the

4

return of a minor child in the case. Here, Respondent has merely succeeded at the district court level on jurisdictional grounds such that the case is to be heard in the United States instead of Colombia. Nothing in ICARA entitles Respondent to recovery for attorney's fees or costs.

Further, nothing in Fed. R. Civ. P. 54(d)(2) provides the Court with discretion to award attorney's fees to the respondent absent a fee-shifting statute. Fed. R. Civ. P. 54(d)(2) merely requires that a claim for attorney's fees be brought by a motion. Because Respondent's Motion misinterprets the fee-shifting provision under ICARA as allowing a successful respondent to recover attorney's fees, she is not entitled to legal fees under Fed. R. Civ. P. 54(d)(2).

Finally, the Motion improperly seeks $7,916.17 in "costs" under Local Rule 54.01. Rule 54.01 merely provides instructions to a prevailing party on how to submit a bill of costs to the clerk. Nothing in Rule 54.01 indicates that Ms. Gamba is entitled to recover litigation costs.

## II. Respondent previously agreed to split costs for court-appointed translators and is not entitled to recovery for private translators.

Respondent's request to recover for the costs of translation services should be denied. For all five non-consecutive days of the hearing, counsel for Petitioner and Respondent amicably agreed to evenly split the costs for translation services provided by court-certified interpreters. At no point prior to the filing of this Motion did Respondent's counsel indicate that this arrangement was unsatisfactory. A copy of the emails documenting this agreement are attached hereto as Exhibit A. The already-agreed-upon arrangement is equitable, as Petitioner has already incurred significant costs as a result of his efforts to obtain access to his minor child, TCG. At considerable expenses, Petitioner traveled from Colombia to prepare for and testify at the hearing in this matter. Requiring him to pay $7,916.17 in court costs—without any statutory justification—would result in gross inequity in this matter, and undue financial hardship for Petitioner. Furthermore, this additional financial hardship could negatively impact TCG because it would hinder Petitioner's

5

ability to financially support his son. Thus, the Court should deny Respondent's request for the recovery of costs incurred in this litigation, which is not based in any law, regulation, or rule, and is directly contradicted by Respondent's agreement to divide costs with Petitioner, as evidenced in Exhibit A.

Even if an award of costs was warranted, which it is not, the award must exclude costs accrued by Jama Rinehart ("Ms. Rinehart") and Blanca Sanchez ("Ms. Sanchez"). A prevailing party is only entitled to recover costs for services enumerated under 28 U.S.C. § 1920. *See L & W Supply Corp. v. Acuity*, 475 F.3d 737, 739 (6th Cir. 2007). 28 U.S.C. § 1920(6) allows a prevailing party to recover the costs of court-appointed interpreters but does not allow recovery of costs of translating written documents. *See Taniguchi v. Kan Pacific Saipan, Ltd.,* 566 U.S. 560, 572 (2012) ("[B]oth the ordinary and technical meanings of 'interpreter,' as well as the statutory context in which the word is found, lead to the conclusion that § 1920(6) does not apply to translators of written materials."). Respondent privately retained Ms. Rinehart and Ms. Sanchez to translate written documents. As a result, Respondent cannot recover the costs of these services under U.S.C. § 1920(6).

CONCLUSION

In conclusion, ICARA, only permits a successful petitioner, not a respondent, to recover attorney's fees from the non-prevailing party. 22 U.S.C.A. § 9007. Courts applying the attorneys' fee provision of ICARA have held that "[ICARA] does not provide for fees to a prevailing respondent, and indeed, does not even mention prevailing respondents." *White v. White,* 893 F. Supp. 2d 755, 759 (E.D. Va. 2012).

Further, Respondent is not entitled to legal fees or costs under any other statutory authority or rule governing this court. In particular, the 6th Circuit has held that a party can never recover the

6

cost of translating written documents. *L & W Supply Corp. v. Acuity*, 475 F.3d 737, 739 (6th Cir. 2007). 28 U.S.C. § 1920(6). Finally, Respondent is not entitled to costs for translation services because Respondent's counsel agreed to pay for half of the costs for court-appointed translators. See Exhibit A. as such, Petitioner moves the Court to deny Respondent's motion for award of attorney's fees and costs of litigation in its entirety.

Respectfully submitted this 11th day of May, 2018.

s/ Alex S. Fisher
ALEX S. FISHER
FROST BROWN TODD LLC
The Pinnacle at Symphony Place
150 3rd Ave South, Suite 1900
Nashville, TN 37201
afisher@fbtlaw.com
(615) 251-5594

COUNSEL FOR PETITIONER
EDISON ALBERTO
CARVAJAL VASQUEZ

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2018 I electronically filed the foregoing document with the United States Federal District Court for the Middle District of Tennessee by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Joel Sanderson, Esq.
Monarch Immigration Rights Advocates PLLC
5252 Hickory Hollow Pkwy, Suite 270A
Antioch, TN 37013
joel@mira.legal
615-307-6472
*Attorneys for Respondent*

s/Alex S. Fisher

0137227.0652721  4832-7690-3781v5